IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**MILFORD LEE ROOP**                                                    **PLAINTIFF**

v.                                                                  No. 1:17CV95-NBB-RP

**MDOC JOHN DOES**                                                   **DEFENDANTS**

**ORDER *DENYING* PLAINTIFF'S MOTION [16]
FOR RELEASE FROM INCARCERATION**

This matter comes before the court on the motion [16] by the plaintiff for release from incarceration and money to "get started" upon his release. This case is proceeding under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. As discussed below, however, a § 1983 case is not the appropriate vehicle to pursue release from incarceration.

***Heck***

A § 1983 claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, it is the court's conclusion that plaintiff's success in his request for release would necessarily draw into question the validity of his conviction or sentence. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. The plaintiff has made no such showing; as such, the instant motion [16] for immediate release is **DISMISSED**.

**SO ORDERED**, this, the 6th day of March, 2018.

/Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE